<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| OTG NEW YORK INC,<br><br>　　　　Petitioner,<br><br>v.<br><br>MERRICK GARLAND, et al.,<br><br>　　　　Respondents. | Civil Action No. 23-23344<br><br>**OPINION**<br><br>November 22, 2024 |

**SEMPER**, District Judge.

The current matter comes before the Court on Merrick Garland, et al.'s ("Respondents") motion to dismiss OTG New York Inc.'s ("OTG" or "Petitioner") Petition for Writ of Mandamus ("Petition") pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).[1] (ECF 6-1.) Petitioner filed a brief in opposition. (ECF 8.) Respondents replied. (ECF 9.)[2] For the reasons stated below, Respondents' 12(b)(1) motion to dismiss is **GRANTED**.

**I.　　FACTUAL BACKGROUND AND PROCEDURAL HISTORY**[3]

---

[1] Although Respondents bring this motion pursuant to both 12(b)(1) and 12(b)(6), the Court does not reach the merits of Respondents' 12(b)(6) motion as the Court's 12(b)(1) analysis is dispositive.

[2] Petitioner's Complaint will be referred to as "Compl." (ECF 1.) Respondents' brief in support of its motion (ECF 6-1) will be referred to as "MTD"; Petitioner's brief in opposition (ECF 8) will be referred to as "Opp"; and Respondents' reply will be referred to as "Rep." (ECF 9.)

[3] When considering a motion to dismiss under Rule 12(b)(6), the Court is obligated to accept as true allegations and complaints and all reasonable inferences that can be drawn therefrom. *See Rocks v. City of Phila.*, 868 F.2d 644, 645 (3d Cir. 1989). Furthermore, when considering a facial attack pursuant to 12(b)(1), a "district court [shall] apply the same standard of review it would use in considering a motion to dismiss under Rule 12(b)(6) . . . ." *Const. Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014); *see also Pitman v. Ottehberg*, No. 10-2538, 2015 WL 179392, at *3 (D.N.J. Jan. 14, 2015) ("[T]he Court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff.") (citing *Evancho v. Fisher*, 423 F.3d 347, 350 (3d Cir. 2005) and *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008)). Accordingly, the following facts are taken from Petitioner's Complaint and the documents integral to or relied upon by the Complaint and the public record. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).

On July 21, 2021, Petitioner filed a Form ETA-9089 Application for Permanent Employment Certification ("PERM application") on behalf of beneficiary Jin Woo Kim for a billing clerk position. (ECF 1, Compl. ¶¶ 1-2.)

On December 21, 2021, the Certifying Officer issued an audit letter requesting specific information regarding OTG's recruitment steps, a copy of the notice of filing, as well as other documentation to determine compliance with the PERM program. (*Id*.)

On December 22, 2021, Petitioner submitted an audit response to the United States Department of Labor ("DOL") Certifying Officer. (*Id.* ¶ 2.)

On April 26, 2022, after reviewing OTG's audit response, DOL issued a decision denying the PERM application. (*See* ECF 1-6, Ex. 3 "DOL April Denial Decision.") The primary basis for the denial was that the notice of filing for the Application for Permanent Employment Certification did not contain the correct address of the Certifying Officer with jurisdiction over the application. (*Id*.) *See also* 20 C.F.R. § 656.10(d)(3)(iii). Included with the denial were explicit instructions outlining the necessary steps for an employer to appeal, either by requesting review before BALCA or requesting the Certifying Officer reconsider the denial. (ECF 1-6, Ex. 3, DOL April Denial Decision.) The denial also confirmed that the failure to file either a request for review or reconsideration within 30 days constituted "a failure to exhaust administrative remedies" and that the denial would become the final determination of the Department, but noted the employer could file a new application. (*Id*.)

On May 18, 2022, OTG's attorney, Yungsung Choi, sent an email to the DOL help desk. (*See* ECF 6-2, Ex. A.)[4] This e-mail indicated OTG was "submitting a new audit response." (*Id*.) The e-mail did not implicitly or explicitly request a review with BALCA or a reconsideration. (*Id*.)

---

[4] *See also* ECF 6-4, Declaration of Brandt Carter, ¶5 ("Carter Decl.").

The next day, on May 19, 2022, the DOL help desk responded to the email, explaining that OTG could request reconsideration, request review before BALCA, or file a new application. (*See* ECF 6-3, Ex. B.)[5] The response also included instructions on how to request reconsideration or review. (*Id*.) After receiving these instructions, OTG asserts they "promptly requested the certifying officer to reconsider the denial within the specified 30-day-period."[6] (ECF 1, Compl. ¶ 4.)

On December 26, 2023, Petitioner initiated the instant action by filing a Petition for Writ of Mandamus in this District asking for an order against DOL "directing it to adjudicate Petitioner's request to reconsider." (ECF 1.) On April 15, 2024, Respondents moved to dismiss the petition. (ECF 6.)

## II.     LEGAL STANDARD

"When a motion under Rule 12 is based on more than one ground, the court should consider the 12(b)(1) challenge first because if it must dismiss the complaint for lack of subject matter jurisdiction, all other defenses and objections become moot." *Dickerson v. Bank of Am., N.A.*, No. 12-03922, 2013 WL 1163483, at *1 (D.N.J. Mar. 19, 2013) (citing *In re Corestates Trust Fee Litig.*, 837 F. Supp. 104, 105 (E.D. Pa. 1993)). In considering dismissal for lack of subject matter jurisdiction, a district court's focus is not on whether the factual allegations entitle a plaintiff to relief, but rather on whether the court has jurisdiction to hear the claim and grant relief. *Maertin v. Armstrong World Indus., Inc.*, 241 F. Supp. 2d 434, 445 (D.N.J. 2002).

Pursuant to Federal Rule of Civil Procedure 12(b)(1), a complaint or portions of a complaint may be dismissed for a lack of subject matter jurisdiction. In deciding a Rule 12(b)(1) motion for lack of subject matter jurisdiction, a court must determine whether the moving party

---

[5] *See also* Carter Decl. ¶ 6.
[6] Despite Petitioner's citation to Exhibit 4 in support of Petitioner's assertion that they "promptly requested the certifying officer to reconsider the denial[,]" Exhibit 4 is not a request for reconsideration. Rather, Exhibit 4 is the original PERM Application filed on July 21, 2021. (*See* ECF 1-4.)

3

presents a "facial" or "factual" attack; the distinction determines how the pleading is reviewed.[7] *In re Schering-Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012). "A facial attack 'contests the sufficiency of the complaint because of a defect on its face,' whereas a factual attack 'asserts that the factual underpinnings of the basis for jurisdiction fails to comport with the jurisdictional prerequisites.'" *Hall v. Revolt Media & TV, LLC*, No. 17-2217, 2019 WL 2183861, at *2 (D.N.J. May 21, 2019) (quoting *Elbeco Inc. v. Nat'l Ret. Fund*, 128 F. Supp. 3d 849, 854 (E.D. Pa. 2015)). Here, Respondents have not stated whether this Rule 12(b)(1) motion is a facial or factual attack. However, given the facts of this case and its procedural posture, the Court concludes that Respondents have asserted a facial attack. Indeed, "[a] factual jurisdictional proceeding cannot occur until plaintiff's allegations have been controverted." *Mortensen v. First Fed. Sav. and Loan Ass'n,* 549 F.2d 884, 892 n.17 (3d Cir. 1977). Because Respondents filed this motion to dismiss prior to filing an answer to the Complaint, it is considered a facial challenge.[8]

Essentially, "a facial attack calls for a district court to apply the same standard of review it would use in considering a motion to dismiss under Rule 12(b)(6) . . . ." *Const. Party of Pa.*, 757 F.3d at 358; *see also Pitman v. Ottehberg*, No. 10-2538, 2015 WL 179392, at *3 (D.N.J. Jan. 14, 2015) ("[T]he Court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff.") (citing *Evancho v. Fisher*, 423 F.3d 347, 350 (3d Cir. 2005) and *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008)).

---

[7] This Court also has an independent obligation to establish that it has subject matter jurisdiction. *Morel v. INS*, 144 F.3d 248, 251 (3d Cir. 1998).

[8] *See Const. Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014) (holding that a 12(b)(6) motion filed prior to any answer was, "by definition, a facial attack"); *Kalick v. United States*, 35 F. Supp. 3d 639, 644 (D.N.J. 2014), *aff'd,* 604 Fed. Appx. 108 (3d Cir. 2015), *cert. denied*, 193 L. Ed. 2d 106 (2015) (citing *Cardio-Med. Associates, Ltd. v. Crozer-Chester Med. Ctr.*, 721 F.2d 68, 75 (3d Cir. 1983) ("A motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) which is filed prior to answering the complaint is considered a 'facial challenge' to the court's subject matter jurisdiction.")).

### III. ANALYSIS

#### a. Subject Matter Jurisdiction over the Petition for Writ of Mandamus

Petitioner requests a writ of mandamus and an order requiring the United States Department of Labor ("DOL") to process his application. In response, Respondents assert that Petitioner failed to submit a proper request for reconsideration, and in the absence of such a request, the Court lacks subject matter jurisdiction. The Court agrees with Respondents.

The Mandamus Act provides, "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. To establish mandamus relief, the petitioner must establish (1) that he has a clear right to relief, (2) that the respondent's duty to perform the act in question is plainly defined and peremptory, and (3) that he has no other adequate remedy. *Johnson v. Rogers*, 917 F.2d 1283, 1285 (10th Cir. 1990). To secure mandamus relief, the petitioner must show a "clear and undisputable" right to the writ. *Comuso v. Nat'l R.R. Passenger Corp.*, 267 F.3d 331, 339 (3d Cir. 2001) (quoting *Mallard v. U.S. Dist. Ct. for Iowa*, 490 U.S. 296, 309 (1989)). Critically, "[m]andamus is an extraordinary remedy that can only be granted where a legal duty 'is positively commanded and so plainly prescribed as to be free from doubt.'" *Appalachian States Low-Level Radioactive Waste Comm'n v. O'Leary*, 93 F.3d 103, 112 (3d Cir. 1996) (quoting *Harmon Cove Condo. Ass'n, Inc. v. Marsh*, 815 F.2d 949, 951 (3d Cir. 1987)). Mandamus "is intended to provide a remedy only if the plaintiff has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." *Heckler v. Ringer*, 466 U.S. 602, 616 (1984).

Petitioner claims that the DOL failed to discharge its duty of adjudicating a properly filed application for labor certification and cite Section 706(1) of the APA, which grants a court the

5

authority to compel agency action that has been unreasonably delayed. (ECF 1, Compl. ¶ 12.) Petitioner maintains that the email of OTG's attorney "submitting a new audit response" establishes a proper request for reconsideration. (*Id*. ¶¶ 3-4.) Accordingly, Petitioner asserts the DOL was required to adjudicate Petitioner's request to reconsider the denial of their application for labor certification within a reasonable time.[9] (*Id*. ¶¶ 6-7.)

Despite Petitioner's assertions and even taking all of Petitioner's factual allegations as true, Petitioner fails to plausibly allege that they have submitted a proper request for reconsideration with the DOL. OTG's pleading disregards the DOL regulations referenced below which provide detailed instructions regarding submissions for requests for reconsideration.

Respondents assert, and Petitioner does not dispute, that it failed to follow DOL's instructions regarding how to submit a request for reconsideration. As currently pled, the facts clearly demonstrate that Petitioner failed to properly (1) request reconsideration of the denial pursuant to 20 C.F.R. § 656.24(g)(1), (2) submit an appeal to the Board of Alien Labor Certification (BALCA) pursuant to 20 C.F.R. § 656.26(a)(1), or (3) submit a new application following the applicable procedures. (*See* ECF 6-4, Carter Decl. ¶¶ 6-8.) Indeed, upon receiving information from DOL providing guidance for filing a reconsideration or appeal, Petitioner failed to file a timely reconsideration request within the 30-day window provided by 20 C.F.R. § 656.24(g)(1). (*Id*.) Instead, Petitioner waited 18 months and filed the present lawsuit on December 26, 2023. (*See generally* ECF 1, Compl.)

---

[9] The Court declines to engage in a fulsome analysis with respect to Petitioner's "unreasonable delay" argument. However, the Court notes the average number of days to process an audit review is 496 days despite Petitioner's claim that DOL's delay here of over one and a half years is unjustifiable. (*See* Compl. ¶ 15(1) and (2).)

6

Based on the foregoing, Petitioner failed to demonstrate that OTG made a proper request for reconsideration to DOL, and therefore, the Court lacks subject matter jurisdiction to hear this action pursuant to Rule 12(b)(1).[10]

## IV.  CONCLUSION

For the reasons stated above, Respondents' motion to dismiss is **GRANTED**. An appropriate order accompanies this opinion.

*/s/ Jamel K. Semper*
**HON. JAMEL K. SEMPER**
**United States District Judge**

Orig:  Clerk
cc:    James B. Clark, U.S.M.J.
       Parties

---

[10] Furthermore, even if the Court did have subject matter jurisdiction, mandamus would likely not be proper as Petitioner has failed to establish a clearly established duty to act. *See Weber v. United States*, 209 F.3d 756, 760 (D.C. Cir. 2000) ("[M]andamus is proper only when an agency has clearly established duty to act."). *See also Rios v. Ziglar*, 398 F.3d 1201, 1208 (10th Cir. 2005) (holding that by failing to properly file his application with an agency, petitioner failed "to establish a clear right to relief, he failed to state a claim upon which relief may be granted.").