**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| OTG NEW YORK INC,<br><br>*Petitioner*,<br><br>v.<br><br>PAMELA BONDI[1], et al.,<br><br>*Respondents*. | Civil Action No.: 23-23344<br><br>**OPINION AND ORDER**<br><br>September 9, 2025 |

**SEMPER**, District Judge.

**THIS MATTER** is before the Court on Petitioner OTG New York Inc.'s ("OTG" or "Petitioner") Motion for Reconsideration of this Court's Opinion (ECF 12) and Order (ECF 13) dismissing OTG's Petition for a Writ of Mandamus. (ECF 20, "Motion" or "Pet. Mot.") Respondents opposed the Motion. (ECF 21, "Opp.") The Court has decided this Motion upon the submissions of the parties, without oral argument, pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons stated below, OTG's Motion for Reconsideration is **DENIED.**

**WHEREAS** this action arises from the United States Department of Labor's ("DOL") denial of OTG's Form ETA 9089 Application for Permanent Employment Certification ("PERM Application") on behalf of beneficiary Jin Woo Kim for a billing clerk position. (ECF 1, "Pet." ¶¶

---

[1] Under Fed. R. Civ. P. 25(d), Pamela Bondi, in her official capacity as Attorney General of the United States, is substituted for her predecessor, Merrick Garland. *See* Fed. R. Civ. P. 25(d) ("An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party. Later proceedings should be in the substituted party's name[.]").

1-2.) On July 21, 2021, OTG filed the PERM Application. (*Id*. ¶ 2; ECF 1-4.) On December 21, 2021, the DOL PERM Certifying Officer issued an audit letter requesting specific information regarding OTG's recruitment steps and processes, a copy of the notice of filing, as well as other documentation to determine compliance with the PERM program. (ECF 1-5 at 4-8.) On December 22, 2021, OTG submitted its audit response. (ECF 1-5; Pet. ¶ 2.) On April 26, 2022, after reviewing OTG's audit response, DOL issued a decision denying the PERM Application. (*See* ECF 1-6, "DOL Denial" at 1-3; Pet. ¶¶ 2-3.) The primary basis for the denial was that the "notice of filing for the Application for Permanent Employment Certification does not contain the correct address of the Certifying Officer…with jurisdiction over the application" as required by 20 C.F.R. § 656.10(d)(3)(iii). (DOL Denial at 3); and

**WHEREAS** included with the DOL Denial were explicit instructions outlining the necessary steps for an employer to appeal, either by requesting review before the Board of Alien Labor Certification Appeals ("BALCA") or requesting that the Certifying Officer reconsider the denial. (*See* DOL Denial at 1-3.) The DOL Denial also confirmed that the failure to file either a request for review or reconsideration within 30 calendar days would constitute "a failure to exhaust administrative remedies" and that the denial would then become the final determination of the DOL. (*Id*. at 2.) The DOL Denial also stated that the employer could file a new application instead of requesting a review or reconsideration. (*Id*. at 2-3); and

**WHEREAS** following the April 26, 2022 DOL decision denying OTG's PERM application, on May 18, 2022, OTG's attorney, Yungsung Choi, sent an email to the DOL Help Desk. (*See* ECF 6-2, "Respondents' Mot. to Dismiss Ex. A"; *see also* ECF 6-4, Declaration of Brandt Carter ("Carter Decl.") ¶ 5.) This email stated that OTG was "submitting a new audit response." (Respondents' Mot. to Dismiss Ex. A.) The email did not implicitly or explicitly request

2

a review with BALCA or a reconsideration. (*Id.*) The next day, on May 19, 2022, the DOL Help Desk responded to Choi's email, reiterating the directions provided in the Notice by explaining that OTG could request reconsideration, request review before BALCA, or file a new application. (*See* ECF 6-3, "Respondents' Mot. to Dismiss Ex. B"; *see also* Carter Decl. ¶ 6.) The response also included instructions on how to request reconsideration or review. (Respondents' Mot. to Dismiss Ex. B); and

**WHEREAS** OTG alleges in its Petition that it "promptly requested the certifying officer to reconsider the denial within the specified 30-day-period" (Pet. ¶ 4)[2], and stated in its opposition to Respondents' motion to dismiss that its submission of the email to the DOL Help Desk "effectively conveys a request for reconsideration" (ECF 8 at 2); and

**WHEREAS** on December 26, 2023, OTG commenced this action by filing its Petition, in which it asked this Court to order the DOL to promptly adjudicate OTG's request to reconsider the denial of its PERM Application. (ECF 1.) On April 15, 2024, Respondents moved to dismiss the Petition. (ECF 6.) On November 22, 2024, this Court granted Respondents' motion to dismiss, finding that it lacked subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) because OTG "failed to demonstrate that [it] made a proper request for reconsideration to DOL." (ECF 12, "Opinion" at 7; ECF 13, "Order".) On January 23, 2025, after requesting and being granted two extensions (*see* ECF 17, ECF 19), OTG filed this Motion for Reconsideration. (ECF 20.) On February 5, 2025, Respondents filed their Opposition to OTG's Motion. (ECF 21); and

**WHEREAS** the Federal Rules of Civil Procedure do not expressly recognize motions for reconsideration. *Cordero v. Emrich*, No. 20-5654, 2022 WL 17418572, at *1 (D.N.J. Dec. 5,

---

[2] As this Court noted in its Opinion, despite Petitioner's citation to Exhibit 4 of the Petition in support of its assertion that it "promptly requested the certifying officer to reconsider the denial[,]" Exhibit 4 is not a request for reconsideration. (Opinion at 3 n.6.) Exhibit 4 of the Petition includes the documents Petitioner sent to the DOL Help Desk, *i.e.*, the original PERM Application filed on July 21, 2021 with an updated date and address. (*See* ECF 1-4.)

2022). "Generally, a motion for reconsideration is treated as a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e), or as a motion for relief from judgment or order under Federal Rule of Civil Procedure 60(b)." *Id.* (quoting *Dubler v. Hangsterfer's Lab'ys*, No. 09-5144, 2012 WL 1332569, at *1 (D.N.J. Apr. 17, 2012)). In this District, however, "motions for reconsideration are governed by Local Civil Rule 7.1(i)." *Cordero*, 2022 WL 17418572, at *1; *see also Frazier v. Kuhn*, No. 2116842, 2024 WL 361196, at *2 (D.N.J. Jan. 31, 2024); and

**WHEREAS** under Local Civil Rule ("Local Rule") 7.1(i), a party may move for reconsideration of a previous order if there are "matter[s] or controlling decisions which the party believes the Judge has overlooked." L. Civ. R. 7.1(i). The Court will reconsider a prior order only where a moving party shows one of the following: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). A court commits a clear error of law "only if the record cannot support the findings that led to that ruling." *ABS Brokerage Servs. LLC v. Penson Fin. Servs., Inc.*, No. 09-4590, 2010 WL 3257992, at *6 (D.N.J. Aug. 16, 2010) (citing *United States v. Grape*, 549 F.3d 591, 603-04 (3d Cir. 2008)); and

**WHEREAS** "reconsideration is an extraordinary remedy, that is granted 'very sparingly.'" *Brackett v. Ashcroft*, No. 03-3988, 2003 WL 22303078, at *2 (D.N.J. Oct. 7, 2003) (quoting *Interfaith Community Org v. Honeywell Int'l. Inc.*, 215 F.Supp.2d. 482, 507 (D.N.J. 2002)); *see also Fellenz v. Lombard Inv. Corp.*, 400 F. Supp. 2d 681, 683 (D.N.J. 2005) (same). A motion for reconsideration "may not be used to relitigate old matters, nor to raise arguments or present

4

evidence that could have been raised prior to the entry of judgment." *P. Schoenfeld Asset Mgmt., LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 352 (D.N.J. 2001) (citation omitted); and

**WHEREAS** in its Motion for Reconsideration, OTG requests that Court require the DOL to reconsider its denial of OTG's PERM Application. (Pet. Mot. at 3.) In their Opposition, Respondents argue that OTG has failed to show that reconsideration of this Court's prior Opinion and Order dismissing OTG's Petition for lack of subject matter jurisdiction is warranted. (Opp. at 1, 5-8); and

**WHEREAS** OTG has failed to satisfy the requirements of Local Rule 7.1(i), and thus, reconsideration is not warranted. First, OTG has not shown that there has been "an intervening change in controlling law" or "the availability of new evidence" justifying reconsideration. *See Lipani v. Aetna Life Ins. Co.*, No. 22-2634, 2025 WL 32791, at *2 (D.N.J. Jan. 6, 2025). OTG does not cite any caselaw in its Motion to support its arguments. (*See* Pet. Mot.) Additionally, while OTG attached the DOL Denial as Exhibit A to its Motion, the DOL Denial does not constitute new evidence since it was also attached to OTG's Petition. (*See* ECF 20-1; ECF 1-6, DOL Denial); and

**WHEREAS** second, OTG has also not shown that reconsideration is required "to correct clear error of law or fact." *Max's Seafood Café*, 176 F.3d at 677. In fact, OTG's Motion entirely fails to address this Court's prior Opinion and Order dismissing its Petition. Instead, OTG argues that it "corrected" the deficiency that led to the DOL's denial of its PERM Application—the incorrect address of the Certifying Officer—and "submitted the relevant documentation" in accordance with the instructions on the Denial Notice. (*See* Pet. Mot. at 2). OTG also contends that the DOL Denial Notice did not indicate that the deficiency was "uncorrectable or unwaivable." (*Id.* at 2.) OTG argues that the alleged deficiency constitutes "harmless error" and as such the DOL should reserve the original priority date. (*Id.* at 3); and

5

**WHEREAS** OTG's arguments do not demonstrate a clear error of law or fact. As the Court noted in its Opinion, OTG did not request reconsideration in accordance with the instructions in the DOL Denial notice or relevant regulations, as it alleges. (*See* Pet. ¶ 4.) Instead, OTG sent a new audit response to the DOL Help Desk email account. (*See* Respondents' Mot. to Dismiss Ex. A; Carter Decl. ¶ 5).[3] OTG's insistence in its Motion that it corrected the original deficiency and re-submitted documentation in accordance with the DOL Denial notice and relevant law does not make it true. A motion for reconsideration pursuant to Local Rule 7.1(i) "does not entitle a party to a second bite at the apple" and "is inappropriate when a party merely disagrees with a court's ruling or when a party simply wishes to re-argue its original motion." *Ippolito v. Carpenito*, No. 19-19818, 2020 WL 1847671, at *1 (D.N.J. Apr. 13, 2020) (citation omitted); *see also ABS Brokerage Servs. LLC*, 2010 WL 3257992, at *6 (quoting *P. Schoenfeld Asset Mgmt. LLC*, 161 F. Supp. 2d at 353) ("Mere 'disagreement with the Court's decision' does not suffice."); and

**WHEREAS** OTG's alternative argument that the address requirement for C.F.R. § 656.10(d)(3) is waivable and correctable is also unpersuasive. As Respondents point out, OTG makes this argument for the first time in its Motion. (Opp. at 6.) In its Petition, OTG alleges only that it submitted an application for reconsideration and the DOL was unreasonably delayed in adjudicating the request for reconsideration. (Pet. ¶ 4.) Motions for reconsideration "are not an opportunity to argue what could have been, but was not, argued in the original set of moving and responsive papers." *Bowers v. Nat'l Collegiate Athletic Ass'n*, 130 F. Supp. 2d 610, 613 (D.N.J. 2001); and

---

[3] In general, "when ruling on a motion to dismiss, a court may not consider matters outside the pleadings." *Arcand v. Brother Int'l Corp.*, 673 F. Supp. 2d 282, 291-92 (D.N.J. 2009). However, the Court properly considered Respondents' exhibits in considering their motion to dismiss (ECF 6) because a "'document integral to or explicitly relied upon in the complaint' may be considered 'without converting the motion [to dismiss] into one for summary judgment.'" *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (quoting *Shaw v. Digital Equip. Corp.*, 82 F.3d 1194, 1220 (1st Cir. 1996)). Petitioner's May 18, 2022 submission via the DOL Help Desk is integral to its Petition, as this action forms the core of Petitioner's case against Respondents. (*See generally* Pet.)

6

**WHEREAS** OTG has further failed to show that a "manifest injustice" would occur if this Court did not reconsider its Opinion and Order of dismissal. *See Max's Seafood Café*, 176 F.3d at 677. The DOL Denial provided OTG with guidance on how to proceed after its PERM Application was denied. (*See* DOL Denial; Pet. Mot. Ex. A.) OTG failed to heed these instructions. (*See* Respondents' Mot. to Dismiss Ex. A.) Even after receiving further clarification and guidance from the DOL Help Desk in response to its email, OTG still failed to properly file an appeal with BALCA, request reconsideration from the Certifying Officer, or file a new application. (*See* Respondents' Mot. to Dismiss Ex. B; Opinion at 3, 6.)[4] Instead, OTG waited over a year and a half and commenced this action. (*See generally* ECF 1.) Accordingly, OTG's Motion fails under Local Rule 7.1(i); and

**WHEREAS** Respondents also argue that OTG's Motion fails under Fed. R. Civ. P. ("Rule") 59(e) and Rule 60(b). (Opp. at 5-7.) In the District of New Jersey, Local Civil Rule 7.1 governs motions for reconsideration. *Cordero*, 2022 WL 17418572, at *1. Assuming Rules 59(e) and 60(b) are applicable, however, Plaintiff's Motion also fails under these Rules.[5] Thus, there is no basis for this Court to grant OTG's Motion pursuant to Local Rule 7.1(i), or Federal Rules 59(e)

---

[4] OTG argues in its Motion that it "submitted a new application" in its May 18, 2022 email to the Help Desk (Pet. Mot. at 2), but in its Petition alleges that the May 18, 2022 email to the Help Desk functioned as a request for reconsideration of the DOL Denial, not a new application submission. (Pet. ¶ 4.)

[5] The standard for a motion for reconsideration under Federal Rule 59(e) mirrors the standard under Local Rule 7.1(i), *see Role v. PSE&G*, No. 25-0426, 2025 WL 1161352, at *1 (D.N.J. Apr. 21, 2025), and Petitioner's Motion fails for the same reasons under Rule 59(e) as it does under Local Rule 7.1(i). Federal Rule 60(b) provides six bases for relief from a final judgment, order, or proceeding:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). OTG has not shown that any of these circumstances are present and warrant the provision of "extraordinary relief" under Rule 60. *See Mendez v. Sullivan*, 488 F. App'x 566, 569 (3d Cir. 2012).

and 60(b).[6]

Accordingly, **IT IS** on this 9th day of September 2025,

**ORDERED** that OTG's Motion for Reconsideration (ECF 20) is **DENIED**.

**SO ORDERED.**

*/s/ Jamel K. Semper*
**HON. JAMEL K. SEMPER**
**United States District Judge**

Orig:    Clerk
cc:      James B. Clark, U.S.M.J.
           Parties

---

[6] In their Opposition, Respondents also argue that OTG's Motion was untimely under Local Rule 7.1(i) and Federal Rule 59(e). (Opp. at 6-7.) Since OTG's Motion fails on the merits pursuant to Local Rule 7.1(i), this Court does not address Respondents' timeliness argument. Additionally, Petitioner's Motion fails under Rule 60(b), *see supra* n.5, under which a party may move for relief from a final judgment, order, or proceeding within "a reasonable time" after the entry of the judgment. Fed. R. Civ. P. 60(c)(1).